IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETE GARCIA, § | | |
| TDCJ #741746, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-2841 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER**

State inmate Pete Garcia (TDCJ #741746) seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 1995 state court conviction. After reviewing the petition and supporting memorandum, the Court issued an order directing Garcia to show cause why his petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d) [Doc. # 9]. Garcia has filed a response [Doc. # 10]. After considering all of the pleadings, and the applicable law, the Court **dismisses** this case for reasons that follow.

I.   BACKGROUND

The pleadings reflect that Garcia was charged with three counts of aggravated sexual assault of a child in Brazos County cause number 23,656-85. A jury in the 85th District Court of Brazos County, Texas, found Garcia guilty as charged on December 14, 1995. Garcia received a life sentence as to count one and terms of sixty years' imprisonment on

counts two and three. The conviction was affirmed on direct appeal. *See Garcia v. State*, No. 10-96-068-CR (Tex. App. — Waco May 7, 1997) (unpublished). The Texas Court of Criminal Appeals refused Garcia's petition for discretionary review on August 18, 1999.

Garcia indicates that he challenged his conviction by filing a post-judgment application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See Ex parte Garcia*, No. 23,656-85-A. That application was filed with the 85th District Court in Brazos County on December 5, 2008. The Texas Court of Criminal Appeals denied relief on February 25, 2009. Garcia filed a second state habeas application with the 85th District Court of Brazos County on November 8, 2010. *See Ex parte Garcia*, No. 23,656-85-B. The Texas Court of Criminal Appeals denied relief on January 12, 2011.

Garcia filed the pending federal petition for a writ of habeas corpus on June 10, 2011.[1] In his petition and supporting memorandum, Garcia raises three grounds for relief. Garcia contends that he was denied effective assistance of counsel because his counsel, an attorney licensed by the State Bar of Texas, and therefore an "officer of the court," had a conflict of interest, which Garcia did not waive. Garcia claims that his life sentence is "illegal" and based on a "void" statute. Garcia argues further that the entire Texas Penal Code is void and, as a result, the trial court lacked jurisdiction to enter its judgment against him. For reasons

---

[1] Garcia filed his petition in the United States District Court for the Eastern District of Texas, Tyler Division, which received the pleadings on June 16, 2011, and transferred them to Houston on June 20, 2011. Garcia executed the petition on June 10, 2011, indicating that he placed his pleadings in the prison mail system on that same day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

discussed briefly below, the Court concludes that the petition must be dismissed as barred by the applicable one-year statute of limitations.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

As explained to Garcia in the Court's show cause order, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).  A district court may dismiss a habeas petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond.  *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because Garcia challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  The pleadings reflect that Garcia was convicted on December 14, 1995, and that his conviction was affirmed on May 7, 1997.  The Texas Court

of Criminal Appeals refused his petition for discretionary review on August 18, 1999. Garcia then had ninety days, up to and including November 18, 1999, to seek a writ of certiorari from the United States Supreme Court. Because Garcia did not seek a writ of certiorari, the statute of limitations for federal habeas corpus review expired no later than November 18, 2000. Garcia's pending federal habeas corpus petition, executed on June 10, 2011, is more than ten years late and is therefore time-barred unless the petitioner can show that a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). As outlined above, Garcia filed a state habeas corpus application on December 5, 2008, which the Texas Court of Criminal Appeals denied on February 25, 2009. Garcia filed a second state habeas corpus application on November 8, 2010, which the Texas Court of Criminal Appeals denied on January 12, 2011. Because both of these proceedings were filed after the federal habeas deadline had already expired, neither application tolls the statute of limitations for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Garcia does not satisfy any other criteria for statutory tolling. In that regard, Garcia does not invoke 28 U.S.C. § 2244(d)(1)(B), or show that he was subject to state action that prevented him from filing a timely petition. Further, there is no showing of a newly

4

recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. §2244(d)(1)(C), (D). Thus, there is no statutory basis to save Garcia's late-filed claims.

Garcia, who has filed a response to the show cause order, does not request tolling for equitable reasons. The chronology of this case does not otherwise show that he has pursued post-conviction review with due diligence or that any extraordinary circumstance prevented him from filing a timely petition. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Given the length of delay and Garcia's clear lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). Garcia has not established that he is entitled to any tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court

of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fifteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>August 30</u>, 2011.

_____
Nancy F. Atlas
United States District Judge